## THE MATTIE.

(District Court, S. D. New York. November 22, 1905.)

COLLISION—TUGS WITH TOWS MEETING—NEGLIGENT TOWAGE.

    A collision at the mouth of Harlem river between the last one of three scows, in tow of the tug Mattie on a line passing down the river, and a car afloat in tow alongside of a transfer tug coming up, held due solely to the fault of the Mattie in being too far to the eastward and in failing to properly estimate the distance between her tow, which was not kept in line, and the other tow, by reason of which it was swept against the latter by the ebb tide.

In Admiralty. Suit for collision.

John J. Delany and E. Crosby Kindleberger, for City of New York.

Wing, Putnam & Burlingham, for the Mattie.

William Greenough, for New York, New Haven & Hartford Railroad Co.

ADAMS, District Judge. This action was brought by the City of New York, the owner of Scow No. 23, to recover the damages sustained through a collision between her and a car float in tow of tug Transfer No. 4, owned by the New York, New Haven & Hartford Railroad Company, in the early morning of the 8th day of March, 1905. No. 23 was being towed, with two other scows, by the tug Mattie, the No. 23 being the stern scow, immediately behind the other two which were lashed together, side by side. The tow was on a hawser of about 100 feet in length. The Mattie, with her tow, had come from Riker's Island bound to New York and had gone up the Harlem River to 110th Street, where she landed for a few minutes for orders, then rounded to and proceeded down the river. All the scows were light. The No. 4 was bound from Jersey City to the Harlem River, with a car float on each side. She came up the East River on the easterly side of Blackwell's Island. The port corner of her port float came in contact with the port side of the No. 23, doing some damage. The tide was ebb.

The libellant charges fault against both tugs and the scow is charged by them with being deficient in lights. It appears that the scow had one light only, which was set aft, but as it was seen in time to give due notice of her presence and position, the fault is not insisted upon by the tugs and both seek to escape liability for the collision by showing that the other was solely in fault.

The Mattie urges that the place of collision is the determining factor in the case and that it occurred within 300 or 400 feet of Horns Hook, where the Transfer had no right to be. The Transfer contends that the place of collision was considerably further up the river and that the cause was the swinging of the Mattie's tow to the port, so that it was impossible for the Transfer to avoid it.

The testimony on the part of the City shows that the collision occurred about opposite 92nd Street, and that of the Transfer that it happened somewhat further up, to the westward of the lower end of the island, known as Little Mill Rock, while those on the Mattie say that when the Transfer was first sighted, the Mattie then being off 92nd or 93rd Street, she was seen along the Astoria shore and the collision took place some distance below, the master placing it at about 87th Street. The weight of testimony seems to favor the contention of the City and the Transfer in this respect. The length of the Mattie and her tow was about 400 feet and it is probable that the tail of the tow was near the vicinity of the place where the others contend the tug was. It appears that the Transfer brought herself to practically a stand still a short distance from the place mentioned, and while lying there, without much, if any, motion, the tow of the Mattie was swept by the tide over against her tow, causing the damage. I do not see that any case has been made against the Transfer.

The cause of the collision seems to have been the neglect of the Mattie in being too far to the eastward and in failing to properly estimate the distance between the course of her tow, which was not kept in line, and the Transfer, with the result of the former being brought into contact with the port float of the latter.

There should be a decree for the libellant against the Mattie, with an order of reference. The libel as to the Transfer will be dismissed.